```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-23209-CIV-COOKE
                                    MAGISTRATE JUDGE P. A. WHITE

CHRISTOPHER L. COON,            :

        Plaintiff,              :

v.                              :      PRELIMINARY REPORT
                                       OF MAGISTRATE JUDGE
WALTER A. MCNEIL, ET AL.,       :

    Defendants.                 :
_____
```

I.  Introduction

The plaintiff Christopher L. Coon, currently housed at the Marion Correctional Institution, has filed an amended pro se civil rights complaint for equitable relief and damages[1] pursuant to 42 U.S.C §1983. [DE# 1].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

II.  Analysis

---

[1] In the Amended Complaint [DE# 7], the plaintiff does not make a specific demand for relief, he simply seeks "all relief that this court feels is deemable and necessary." [sic].  The plaintiff asked for specific equitable relief (removal of the special review) and monetary damages ($150,000 in punitive damages and court costs) in his Complaint [DE# 1].  The Undersigned recommends that the request for relief in the Complaint [DE# 1] be deemed part of the Operative Complaint.

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims

rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a

3

cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff now seeks to sue four individuals at the Everglades Correctional Institution ("ECI"), the place where the subject events occurred. These defendants are ECI Warden Eric Lane; Assistant Warden Charles Johnson; Classification Supervisor Blondell Tate; and Captain J. Colon. The plaintiff no longer seeks to sue the Secretary of the Florida Department of Corrections, Walter McNeil. The plaintiff alleges that after he reported two inmates for engaging in an income tax scam while he was housed at ECI, Captain Colon placed him and Inmate Garcia Hall in protective management. The plaintiff alleges that Colon falsified a report by claiming that the plaintiff requested protection from Hall, because Colon knew that he and Hall were a homosexual couple. The plaintiff claims that as a result of Colon's violation of his right to due process and equal protection, the ICT Board placed a "Special Review" (a directive prohibiting placement of inmates in the same housing unit) between Hall and the plaintiff. The plaintiff states that Colon was outwardly prejudiced against homosexual inmates.

The plaintiff further alleges that Tate violated his Fourteenth Amendment rights by placing a special review between the plaintiff and Hall after the plaintiff advised Tate that he and Garcia were the victims of the scam and no protective management was necessary. The plaintiff contends that Tate discriminated against him because he is a homosexual.

The plaintiff allege that Johnson violated his Fourteenth Amendment rights because he failed to terminate the special review and protection order in response to the plaintiff's grievances. The plaintiff does not allege that Johnson was aware that he was a homosexual or denied the plaintiff's requests for this reason. The plaintiff claims that Lane violated his Fourteenth Amendment rights by failing to properly supervise or reprimand Colon. Although the plaintiff states that "Lane was aware of the situation with the Plaintiff and inmate Garcia Hall," he does not specifically allege that Lane was aware that he was a homosexual or discriminated against him for this reason.

A claim that an association with and support of a homosexual inmate caused prison officials to unconstitutionally discriminate against a prisoner may state a constitutional claim. See Romer v. Evans, 517 U.S. 620, 631-36 (1996). In this case, the plaintiff has presented sufficient facts to proceed on an equal protection claim against Colon and Tate. The plaintiff specifically alleges that he is a homosexual. An equal protection claim requires a plaintiff to allege that he is a member of an identifiable minority and that the plaintiff's membership in that minority was the cause of differential treatment. See, e.g. Nabozny v. Podlesny, 92 F.3d 446, 457 (7 Cir. 1996). "[T]he Constitution prohibits intentional invidious discrimination between otherwise similarly situated persons based on one's membership in a definable minority, absent at least a rational basis for the discrimination. There can be little doubt that homosexuals are an identifiable minority subjected to discrimination in our society." The plaintiff specifically alleges that both Colon and Tate discriminated against him solely because he is a homosexual, and this claim should proceed against these officers, in their individual capacity.

5

The plaintiff has failed to state a claim for relief against Lane or Johnson. To the extent the plaintiff seeks to impose supervisory liability against these defendants, his claim fails. Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action. Monell v. Department of Social Services, 436 U.S. 658 (1978); Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993). Further, under appropriate circumstances the failure to adequately train or supervise may give rise to a claim cognizable under §1983, see City of Canton, Ohio v. Harris, 489 U.S. 378 (1989). Mere conclusory allegations of failure to train, however, are not enough; and the courts have generally held that there is no affirmative constitutional duty on the part of a supervising public official to train, supervise, or discipline subordinates so as to prevent constitutional torts, except where the supervisor has contemporaneous knowledge of an offending incident or knowledge of a prior pattern of similar incidents, and circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate. See Chinchello v. Fenton, 805 F.2d 126, 133-34 (3 Cir. 1986). The Eleventh Circuit has held that nothing less than a showing of gross negligence is required to establish liability for inadequate training. Cannon v. Taylor, 782 F.2d 947, 951 (11 Cir. 1986). Moreover, the courts have required that the plaintiff must "identify a deficiency in a training program closely related to the injury complained of and must further show that the injury would have been avoided 'under a program that was not deficient in the identified respect.'" Gordon v. Kidd, 971 F.2d 1087, 1097 (4 Cir. 1992) (quoting City of Canton, supra, 489 U.S. at 391). Finally, in order to recover on a claim of failure to train, the plaintiff must show 1) that the

[supervisor] failed to train, 2) that a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and 3) that such failure to supervise or train amounted to gross negligence or deliberate indifference. Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5 Cir. 1986). The plaintiff has not satisfied these requirements because he raises only unsupported and conclusory allegations of failure to supervise and failure to train, which is insufficient to state a constitutional claim. The plaintiff does not allege facts that tend to show that there was any gross negligence or deliberate indifference on the part of either Lane or Johnson that resulted in any deprivation of constitutional rights.

In addition, the plaintiff cannot proceed on a claim that Lane or Johnson failed to act favorably on his grievances. The Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of states inmates the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7 Cir. 1996); Hoover v. Watson, 886 F.Supp. 410, 418 (D. Del. 1995); Brown v. Dodson, supra at 285; and thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a §1983 claim, Buckley v. Barlow, supra, 997 F.2d at 495; Hoover v. Watson, supra, 886 F.Supp. at 418-19. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to

petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance. Flick v. Alba, supra, 932 F.2d at 729.

As noted above, the plaintiff does not provide sufficient factual allegations to indicate that either lane or Johnson was specifically aware that he is a homosexual or that either defendant engaged in discriminatory conduct because the plaintiff is a homosexual. He thus has failed to state a Fourteenth Amendment claim against either defendant.

### III. Recommendation

Based on the foregoing, it is recommended that:

1. The Amended Complaint [DE# 7] and the request for relief in the Complaint [DE# 1] comprise the Operative Complaint and proceed on the claim of denial of rights under the Fourteenth Amendment against Colon and Tate.

2. The remaining claims and defendants be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 26th day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:  Christopher L. Coon, Pro Se
     DC. No.  E22732
     Marion Correctional Institution
     P. O. Box 158
     Lowell, FL 32663-0158
```